UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES,

        Plaintiff,

  -v-                                            No.  6 CR 17-LTS
                                                  No.  10 CV 8679-LTS

CHARLES BRYANT,

        Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion of Defendant Charles Bryant ("Defendant" or "Mr. Bryant") seeking the reduction of his sentence pursuant to section 404(b) of the First Step Act of 2018, ("the FSA") Pub. L. No. 115-391, 132 Stat. 5194 (2018).  (Docket Entry No. 103.)  The government opposes the motion.

The Court has reviewed the parties' multiple submissions[1] carefully and, for the following reasons, finds that the Court is authorized to impose a reduced sentence upon Mr. Bryant and grants his request for a hearing to consider a sentence reduction.

BACKGROUND

On July 26, 2007, Mr. Bryant was sentenced principally to a term of imprisonment of 300 months following his conviction by a jury on three counts relating to the distribution of crack cocaine: conspiracy to distribute 50 grams or more of a mixture or substance that contained cocaine base, distributing 24.5 grams of the same, and distributing 49

---

[1]     See Docket Entry Numbers 119, 120, 121, 122, 123, 127, and 128.

grams of the same, in violation of 21 U.S.C. sections 841(b)(1)(B)(iii) and 846. (Docket Entry Nos. 9, 42.) Under the then-current version of the Controlled Substances Act, the 50-gram offense subjected Mr. Bryant to a mandatory statutory range of 10 years of imprisonment to life, which was increased, in light of Mr. Bryant's prior felony drug conviction, to a mandatory statutory range of 20 years of imprisonment to life by the "felony drug offense" enhancement provision of section 841(b). (Docket Entry No. 120, at 2.) Mr. Bryant was subject to the Career Offender provision of the Sentencing Guidelines, and his advisory sentencing guidelines range was 360 months of imprisonment to life, based on an offense level of 37 and a criminal history category of VI. Id. The Court sentenced Mr. Bryant to 25 years of imprisonment. (Docket Entry No. 42, at 2.)

## DISCUSSION

Section 404(b) of the FSA authorizes a court to reduce the sentence of a defendant who was convicted of a "covered offense," that is, a crime for which the mandatory statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"), 111 Pub. L. No. 220, 124 Stat. 2372 (2010), and which was committed before August 3, 2010. FSA §§ 404(a), (b). Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. section 841(b)(1)(A)(iii) by increasing the threshold quantity of cocaine base required to trigger the 10-year mandatory minimum sentence from 50 grams to 280 grams, and modified 21 U.S.C. section 841(b)(1)(B)(iii) by increasing the threshold quantity from 5 grams to 28 grams.[2]

---

[2] The FSA limits the retroactive application of these changes by prohibiting the Court from imposing a reduced sentence if the defendant was originally sentenced pursuant to the modified provisions, if his sentence was previously reduced in accordance with the amendments to those sections, or if a previous motion made under § 404(b) was denied on the merits. FSA § 404(c). None of these restrictions applies to Mr. Bryant.

Mr. Bryant's offense was committed before the Fair Sentencing Act was enacted on August 3, 2010; the pre-Fair Sentencing Act penalties found in section 841(b)(1)(B)(iii) at the time of his crime were applied in determining his sentence; and those penalties were "modified by section 2 or 3 of the Fair Sentencing Act of 2010[.]" FSA § 404(b). He was therefore convicted of a "covered offense." FSA § 404(a). Accordingly, the Court concludes that Mr. Bryant is eligible under section 404(a) for a reduced sentence under section 404(b) of the FSA.

While the parties agree that Mr. Bryant may receive a reduced sentence under Section 404(b) of the FSA, they disagree as to whether another provision of the FSA, which restricted and reduced penalty enhancements applicable to persons with prior felony offenses, would govern the determination of a reduced sentence in Mr. Bryant's case. When Mr. Bryant was sentenced, 21 U.S.C. section 841(b)(1)(B) required the Court to impose a minimum sentence of 20 years in light of his prior conviction for a "felony drug offense." That provision was amended by section 401(a) of the FSA to replace the prior felony drug offense enhancement with enhancements for a prior "serious drug felony" or a prior "serious violent felony." Mr. Bryant's prior felony offense falls into neither of those categories. The applicability of section 401(a) to defendants who committed their offenses before the FSA was enacted is controlled by section 401(c), which provides that those amendments "shall apply to any offense that was committed before the date of enactment of this Act [(Dec. 21, 2018)], if a sentence for the offense has not been imposed as of such date of enactment." Mr. Bryant contends that, in reducing a crack-related sentence pursuant to FSA section 404(b), the Court must also apply the amendments made to 21 U.S.C. section 841(b) by section 401(a) of the FSA. The Government, citing the restrictive retroactivity language of Section 401(c), argues that the prior felony enhancement provision that was in effect when Mr. Bryant was originally sentenced still applies in connection

with the sentencing reduction, and that Mr. Bryant therefore remains subject to a mandatory minimum custodial sentence of 20 years.

In federal sentencing, "the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Dorsey v. United States, 567 U.S. 260, 280 (2012). Legislating against the background principle of this "ordinary practice," Congress wrote section 404(b) of the FSA to include explicit authorization for the sentencing court to reduce the sentences of defendants who were previously sentenced pursuant to 21 U.S.C. section 841 provisions that were amended by sections 2 and 3 of the Fair Sentencing Act. See United States v. Hegwood, 934 F.3d 414, 418 (5th Cir. 2019) ("The calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense"). Section 401(a) of the FSA, which further amends 21 U.S.C. section 841 to restrict prior offense enhancements, does not, however, contain a similar express authorization of retroactive reduction of sentences imposed on the basis of prior felony offense enhancements that were reduced or eliminated by section 401(a). While the Second Circuit has not yet addressed the question of retroactive application of the amendments of section 401(a) of the FSA, this Court is persuaded by the reasoning of other courts[3] that have held that the FSA's "express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 . . . supports that Congress did not intend that other [FSA] changes were to be made [in connection with FSA section 404(b) sentencing reductions] as if they too were in effect at the time of the offense." Id.

---

[3] See United States v. Wiseman, 932 F.3d 411, 417 (6th Cir. 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences"); United States v. Williams, No. 3-CR-795 (SJF), 2019 WL 3842597, at *3 (E.D.N.Y. Aug. 15, 2019) (citing Hegwood, 954 F.3d at 418). See also further discussion infra.

at *4.  In other words, the sentencing reduction provision of the FSA makes reference only to application of the Fair Sentencing Act amendments to 21 U.S.C. section 841(b); nothing in its terms directs courts to apply the later, separate statutory amendments effected by the FSA or to reflect any other post-2010 statutory or legal changes when fashioning a reduced sentence under section 404(b) of the FSA.

Nor does the language of section 401 of the FSA, which narrowed and limited enhancements based on prior felony drug convictions, provide general authority for courts to ignore the original enhancement provisions when reducing sentences pursuant to FSA section 404(b).  Section 401(c) of the FSA, the specific provision addressing retroactive application of the prior felony enhancement amendments, states that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  This provision limits the availability of the reduced enhancements in connection with a crime committed prior to enactment of the FSA to situations in which a sentence had not been imposed for the crime prior to the enactment of the FSA.  Titled "applicability to pending cases," section 401(c) explicitly extends the changes provided for in section 401(a) to the class of defendants for whom the Supreme Court had established a retroactivity rule for the 2010 Fair Sentence Act with its 2012 <u>Dorsey</u> decision: defendants who had committed relevant offenses, but who had not been sentenced for those offenses, before the relevant sentencing act became law.[4]  567 U.S. 260

---

[4]  The plain text of § 401(c) reaches those cases and those cases only.  The clarity of the statutory language obviates any need to engage Mr. Bryant's argument that the rule of lenity requires the Court to resolve ambiguity regarding the scope of § 401(c) in favor of application of the FSA section 401(a) amendments in connection with a sentencing reduction pursuant to FSA section 404(b).  <u>See</u> <u>United States v. Cohen</u>, 260 F.3d 68, 76 (2d Cir. 2001) ("The rule of lenity applies where there exists a grievous ambiguity in a statute") (internal citation omitted).

(deciding that Congress intended the Fair Sentencing Act to benefit pre-act offenders who were sentenced after its enactment).

The need to make clear the applicability of the Fair Sentencing Act's cocaine base threshold reduction amendments in the case of offenders who committed their crimes before, but were sentenced after, the 2010 enactment of the Fair Sentencing Act arose against the background of the Fair Sentencing Act's silence on that point and the "ordinary practice" that changes in penalty provisions do not apply to offenses which predated the enactment of a statute. Dorsey, 567 U.S. at 280. This "ordinary practice" arises from the federal saving statute, which provides that the "repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide." 1 U.S.C.S. § 109 (LexisNexis 2016). The Fair Sentencing Act contained no express provision regarding retroactivity.

The FSA is a repealing act within the meaning of the federal saving statute, see Dorsey, 567 U.S. at 273–74 ("Case law makes clear that the word 'repeal' applies when a new statute simply diminishes the penalties that the older statute set forth"), and therefore the retroactive effect of the FSA is limited by the federal saving statute in the absence of congressional provision for retroactivity. Notwithstanding the saving statute's reference to variance of the ordinary practice of prospective effect only when the repealing statute "expressly provide[s]" for retroactivity, however, "the [Supreme] Court has long recognized that this saving statute creates what is in effect a less demanding interpretive requirement" under which a statute's new penalties are applicable to pre-Act offenders if the "fair implication" of the new statute "point[s] clearly in that direction." Dorsey, 567 U.S. at 275. The Dorsey Court found such a "fair implication" as to pre-Fair Sentencing Act offenders sentenced after that Act based

on a combination of indicators, many of which were unique to the circumstances and provisions of that Act.  These unique factors included the interaction between the statute's reduction of mandatory minimums and its concomitant express direction to the Sentencing Commission to promulgate conforming guidelines amendments "as soon as practicable."  In light of a preexisting statutory provision requiring the application of the guidelines in effect at the time of sentencing, the combination of the statutory penalty reduction and the required guidelines revisions provided a strong indication that Congress intended the reduced penalties to apply to those sentenced after the effective date of the statute.  See Dorsey, 567 U.S. at 273-277.  Indeed, in some cases even the new, lower guidelines (which the Sentencing Reform Act required courts to apply once they were promulgated) would have been "trump[ed]" by the pre-amendment mandatory statutory minimum provisions had the Fair Sentencing Act amendments not been given effect in post-Fair Sentencing Act sentencing for pre-Fair Sentencing Act offenders.  Id. at 278.

No such tension between statutory principles, or absence of statutory guidance, is presented here.  Congress has specifically defined the class of offenders eligible for sentencing reduction under section 404(b) of the FSA, which commands the application of the two specific provisions of the Fair Sentencing Act that amended the cocaine base-related mandatory minimum sentencing aspect of 21 U.S.C. section 841(b) in formulating a reduced sentence.  Congress separately addressed the prior felony enhancement provisions of 21 U.S.C. section 841(b) in section 401(a) of the FSA.  Section 401 separately and specifically defines the group of offenders to which the latter statutory change applies: those who committed their crimes before the 2018 enactment of the FSA and who had not been sentenced for their crimes before that enactment date.  Mr. Bryant, who was sentenced for his drug crime in 2007, is not in the group

of prior offenders to whom Congress has made the prior felony offense enhancement changes available. There is no statutory ambiguity or tension between section 401(c) and section 404(b) that requires reconciliation or discernment of congressional intent. Congress has simply made different decisions regarding eligibility criteria, and the Court is bound to apply the statutes as written, however desirable it might arguably be from a policy perspective to ensure the availability of all FSA changes to any offender who is eligible to benefit from any of those changes.

Mr. Bryant's argument that the fair implication of the FSA is that courts must impose a reduced sentence under the FSA without "reimposing the very enhancement Congress repealed in the FSA" (Docket Entry No. 122, at 5) is thus unavailing. Mr. Bryant cites decisions from within this circuit which have observed that Congress' overall purpose in passing the FSA was to "mitigate[] the unfairness created by the crack-to-powder cocaine ratio," United States v. Rose, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019), and "reduc[e] the sentencing disparity between crack and powder cocaine offenses." United States v. Simons, 375 F. Supp. 3d 379, 382 (E.D.N.Y. 2019). However, none of these decisions holds that the purpose of the FSA was to make all of its amendments retroactive as to all defendants, regardless of when they were sentenced. See, e.g., Rose, 379 F. Supp. 3d at 229 (relying on the remedial purpose of the FSA to resolve ambiguity regarding whether eligibility for a reduced sentence was predicated on a defendant's actual conduct, or on the statute of conviction); Simons, 375 F. Supp. 3d at 382 (noting the FSA's purpose of reducing sentencing disparities favored revisiting the 3553(a) factors in formulating a reduced sentence). Mr. Bryant has not cited, and the Court's research has not uncovered, any decision that endorses retroactively applying section 401(a) of the FSA in connection with a sentence reduction under section 404(b) of that statute. While the Second

Circuit has not decided whether the amendments of section 401(a) of the FSA apply when a court imposes a reduced sentence under section 404(b), several other Circuits and every district court in this circuit to confront the issue have answered the question in the negative.  See, e.g., Wiseman, 932 F.3d at 417 ("the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'"); U.S. v. Pierson, 925 F.3d 913, 928 (7th Cir. 2019) ("In the First Step Act, Congress chose language that points clearly toward [the] same result [as in Dorsey]"); US v. Dunnigan, No. 15-CR-202 (EAW), 2019 WL 4254028, at *1 (W.D.N.Y. Sept. 9, 2019) ("Defendant was sentenced prior to the enactment of the First Step Act, and so its forward-looking provisions simply do not apply to him."); US v. Williams, No. 3-CR-795 (SJF), 2019 WL 3842597, at *4 n.5 (E.D.N.Y. Aug. 15, 2019) ("Section 401 of the First Step Act… does not apply retroactively to individuals, like defendant, who were sentenced prior to its enactment."); US v. Martin, No. 3-CR-795 (BMC), 2019 WL 2289850, at *3 (E.D.N.Y. May 29, 2019) ("the FSA… does not by its text permit the sentencing court to reduce the sentence based on changes in the law other than the retroactive application of the Fair Sentencing Act").  The Court is persuaded by the reasoning of those decisions.

Accordingly, Mr. Bryant is eligible for imposition of a reduced sentence under section 404(b) of the FSA, and will be resentenced "as if" the amendments made by sections 2 and 3 of the Fair Sentencing Act to 21 U.S.C. section 841(b)(1) had been in force at the time Mr. Bryant was originally sentenced.  Hegwood, 934 F.3d at 418.  Because the prior felony offense enhancement provisions were not addressed by the 2010 Fair Sentencing Act and were only changed by the 2018 FSA, and the FSA does not provide for application of those changes to previously-sentenced offenders, the Court will apply the felony enhancement provisions that

were in effect at the time Mr. Bryant was originally sentenced. Mr. Bryant thus remains subject to a 20-year mandatory minimum sentence.[5] The Court will consider all information relevant to the applicable 18 U.S.C. section 3553(a) factors in determining whether a sentence reduction is warranted.

CONCLUSION

Accordingly, Mr. Bryant is eligible to be resentenced pursuant to section 404(b) of the FSA. A resentencing hearing will be held on **March 11, 2020, at 10:30 a.m.** The parties must make any supplemental submissions in accordance with the undersigned's sentencing submission procedures, which are posted on the Court website. The Government is directed to

---

[5] Mr. Bryant argues that the Court must sentence him under "one version – not multiple and conflicting versions – of the relevant statute," just as only one version of the Sentencing Guidelines may be used. (Docket Entry No. 120, at 7.) As articulated by the Second Circuit, the rationale for applying only one version of the Sentencing Guidelines is that a piecemeal approach would "upset the coherency and balance" struck by the Sentencing Commission. United States v. Stephenson, 921 F.2d 438, 441 (2d Cir. 1990). This rationale is also consistent with section 3553(a)(4) of title 18 of the United States Code, which requires courts to apply the guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C.S. § 3553(a)(4)(A)(ii) (LexisNexis 2008). That rationale does not apply where, as here, Congress has deliberately struck a balance by specifying which statutory amendments will apply retroactively. Mr. Bryant has not provided, and the Court's research has not identified, any authority requiring courts to ignore Congress' retroactivity and effective date determinations and apply only the version of a penalty statute that is in force at the time of sentencing. To the contrary, district courts have applied the post-Fair Sentencing Act, pre-FSA version of section 841 when imposing a reduced sentence pursuant to section 404(b). See, e.g., United States v. Mason, No. 4-CR-00209 (RHW), 2019 WL 2396568, at *6 (E.D. Wash. June 6, 2019) ("Because [section 401(a) of the FSA is] not retroactive, Defendant's prior drug conviction still enhances his sentence").

have Mr. Bryant produced for the resentencing, in sufficient time for him to consult with counsel beforehand.

This Memorandum Opinion and Order resolves docket entry number 103.

SO ORDERED.

Dated: New York, New York
January 21, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge